ROY L. JONES, ADMINISTRATOR OF THE ESTATE OF MARVIN COMER JONES, DECEASED, PLAINTIFF v. DOUGLAS AIRCRAFT CO., INC., ORIGINAL DEFENDANT AND BOYD & GOFORTH, INC., ADDITIONAL DEFENDANT.

(Filed 22 March, 1961.)

Torts § 6—

    Where the original defendant settles the controversy between it and plaintiff by compromise judgment, and irrevocably assigns the judgment to a trustee to prosecute the action against the additional defendant for contribution, there is no case in court in which the claim for contribution in the name of the original defendant against the additional defendant may be prosecuted. G.S. 1-240.

APPEAL by original defendant Douglas Aircraft Co., Inc., from *Craven, S.J.*, February 13, 1961 Special Term, MECKLENBURG Superior Court.

The original defendant atempted to assert a cross action for contribution against the additional defendant, Boyd & Goforth, Inc. For full discussion of the pleadings and the issues involved, see *Jones, Administrator v. Douglas Aircraft, Inc.*, 253 N.C. 482, 117 S.E. 2d 496.

The present appeal involves an order of the superior court denying the original defendant's motion further to amend its cross action for contribution against the additional defendant. The Superior Court of Mecklenburg County certified to this Court its consent judgment decreeing that the plaintiff recover of the original defendant the sum of $50,000 in discharge of its liability to the plaintiff on account of the death of plaintiff's intestate. The record discloses the judgment was paid in full by Douglas Aircraft Co., Inc., and transferred to its trustee. "This assignment is without recourse and vests in William B. Webb, Trustee for Douglas Aircraft Co., Inc., complete, absolute

and irrevocable power — to prosecute for the benefit of Douglas Aircraft Co., Inc., the benefits of the provisions of Section 1-240, General Statutes of North Carolina." The original defendant excepted to the court's order refusing to permit further amendment, and appealed.

*Carpenter, Webb & Golding, for original defendant, appellant.*
*Helms, Mulliss, McMillan & Johnston, for additional defendant, appellee.*

PER CURIAM. This appeal involves another attempt on the part of the orginial defendant to assert against the additional defendant a cross action for contribution. As pointed out in the prior appeal, the demurrer to the cross action was sustained for failure to allege sufficient facts to show breach of duty upon the part of the additional defendant as a contributing cause to the death of plaintiff's intestate. The amendment now involved does not cure that defect. It does not supply allegations of fact sufficient for that purpose.

By the compromise judgment and the assignment thereof, the original parties have settled their controversy. There is no case left in court in which the original defendant may now proceed against the additional defendant. Moreover, all the original defendant's rights are irrevocably assigned to its trustee who appears now to be the real party in interest. Another stumbling block in appellant's way is the right of appeal from an order which appears to have been entered in the court's discretion.

Whether the original defendant, or its trustee, may maintain an independent action for contribution is not now before us. The order denying the motion to amend is

Affirmed.